**JML LAW**
A PROFESSIONAL LAW CORPORATION
21052 OXNARD STREET
WOODLAND HILLS,
CALIFORNIA 91367
Tel: (818) 610-8800
Fax: (818) 610-3030

JOSEPH M. LOVRETOVICH, STATE BAR NO. 73403
JARED W. BEILKE, STATE BAR NO. 195698
CHRISTOPHER P. BRANDES, STATE BAR NO. 282801

**Attorneys for Plaintiff**
WALTER HACKETT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER HACKETT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>STANDARD INSURANCE COMPANY, an Oregon Corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR:<br><br>**ERISA, 29 U.S.C. §§ 1001, et seq.** |

**COMPLAINT**

1

Plaintiff, WALTER HACKETT, hereby brings his complaint against the above-named Defendants and states and alleges as follows:

## JURISDICTION

1. This is an action for equitable relief and for benefits under a group long-term disability insurance policy. Plaintiff's claims for relief arise under the Employee Retirement Income Security Act of 1974, 29 U.S.C. Sections 1001 et seq. (hereafter, "ERISA"). This Court has subject matter jurisdiction of this action under 29 U.S.C. Section 1132 and 28 U.S.C. Section 1331.

## INTRADISTRICT ASSIGNMENT

2. A substantial part of the events or omissions which gave rise to Plaintiff's claims occurred in the County of Riverside, State of California.

## THE PARTIES

3. Plaintiff is, and at all relevant times, was a covered beneficiary under a long-term disability (hereafter, "LTD") group insurance policy (hereafter, the "Policy") issued by defendant the STANDARD INSURANCE COMPANY (hereafter, the "STANDARD") through his employer, Inland Counties Legal Services (hereafter, "ICLS").

4. At all relevant times, defendant STANDARD administered ICLS' LTD Policy, with respect to claims and payment of LTD insurance benefits under the Policy. The STANDARD exercised discretionary authority and control over the administration of the Policy and the administration, payment and final administrative review of Plaintiff's disability insurance claim as alleged herein. Accordingly, the STANDARD is, and at all times was, a fiduciary within the meaning of ERISA, with respect to the Policy.

5. Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and for that reason sues said Defendants by such fictitious names. Plaintiff will file and serve an amendment to

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

this Complaint alleging the true names and capacities of said fictitiously named Defendants if and when the Plaintiff knows such true names and capacities.

6. Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

7. Hereinafter in the Complaint, unless otherwise specified, reference to a Defendant or Defendants shall refer to all Defendants, and each of them.

## ALLEGATIONS

8. On May 30, 2010, Plaintiff was hired as the Managing Attorney of ICLS.

9. A benefit of Plaintiff's employment with ICLS was the option of LTD insurance benefits under ICLS's Policy with the STANDARD. The LTD benefits coverage was contributory, meaning an employee was not automatically a participant under the plan when becoming eligible for participation. Instead, the employee had to elect for LTD coverage and pay the premiums.

10. ICLS had a policy requiring ICLS to confirm when any employee who is eligible for LTD coverage elects not to apply for it. Such a "waiver" must be "in writing" by the employee.

11. On July 1, 2011, Plaintiff became eligible for LTD coverage.

12. In June 2012, during open enrollment period, Plaintiff informed ICLS that he elected to have LTD coverage. Plaintiff then filled out the paperwork provided to him by ICLS to receive coverage. Immediately thereafter, ICLS began deducting LTD premiums from Plaintiff's pay-checks and sending them to the STANDARD.

13. The deductions were itemized on Plaintiff's pay stub and were taken out by ICLS from June 22, 2012 through March 2013. Plaintiff, therefore, reasonably believed he had LTD coverage with the STANDARD.

14. On or about October 31, 2012, Plaintiff was diagnosed by a neurosurgeon with hydrocephalus, a serious brain condition that rendered Plaintiff completely disabled.

15. As a result, Plaintiff applied for LTD benefits with the STANDARD. On or about May 14, 2013, the STANDARD denied coverage on the grounds that Plaintiff never applied for the insurance and, therefore, his policy never became effective under the group policy.

16. Plaintiff is informed, believes, and based thereon alleges, that STANDARD received and accepted the premium payments from ICLS sent on behalf of Plaintiff for LTD benefits. To date, there has been no change in the STANDARD's position. Accordingly, the STANDARD has violated the ERISA.

## FIRST CLAIM FOR RELIEF
## FOR BENEFITS DUE UNDER THE ERISA PLAN
### (Against ALL Defendants)

17. Plaintiff realleges and incorporates herein paragraphs 1 through 16 of this Complaint as if fully set forth at this place.

18. On or about, October 31, 2012, Plaintiff became completely disabled, within the meaning of the terms of the Policy, and applied for disability insurance benefits. The STANDARD rejected Plaintiff's disability claim and refused payment of disability insurance benefits to Plaintiff.

19. Since October 31, 2012, and at all relevant times thereafter, Plaintiff has been, and continues to be, totally disabled within the meaning of the terms of the Policy.

20. Plaintiff has fulfilled every condition and has duly performed each and every obligation that he was required to perform under the terms of the Policy,

and is and at all relevant times has been entitled to payment of disability benefits under the terms and conditions of the Policy.

21. Defendants have breached their obligation to Plaintiff by failing to fulfill their obligations under the Policy and under the applicable provisions of ERISA, including, but not limited to, the obligation to pay disability benefits under the Policy.

22. As a direct and proximate result of defendants' conduct as alleged herein, Plaintiff has suffered and will continue to suffer losses compensable under ERISA, including but not limited to, loss of his disability benefits, interest on those benefits, and attorneys' fees, and expenses.

## SECOND CLAIM FOR RELIEF
## FOR BREACH OF FIDUCIARY DUTY
### (Against ALL Defendants)

23. Plaintiff realleges and incorporates herein paragraphs 1 through 22 of this Complaint as if fully set forth at this place.

24. Defendants breached their fiduciary duties under ERISA by failing to properly investigate and administer Plaintiff's claim for disability benefits, in accordance with the purposed of the Policy and for the exclusive benefit of its beneficiaries, and as further alleged herein.

25. As a direct and proximate result of defendants' conduct as alleged herein, Plaintiff has suffered and will continue to suffer losses compensable under ERISA, including but not limited to, loss of his disability benefits, interest on those benefits, and attorneys' fees, and expenses.

///
///
///
///
///

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

**WHEREFORE, Plaintiff prays for judgment as follows:**

1. For benefits due under the Policy;
2. For a declaration regarding Plaintiff's rights to future benefits under the Plan;
3. For such equitable relief as the Court deems just and proper
4. For prejudgment interest, according to proof;
5. For attorneys' fees and costs and expenses incurred herein, and
6. For such other and further relief as the Court may deem just and proper.

DATED: January 11, 2017          JML LAW, A Professional Law Corporation

By: _____

JOSEPH M. LOVRETOVICH

JARED W. BEILKE

CHRISTOPHER P. BRANDES

Attorneys for Plaintiff

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800